Mathews, J.
delivered the opinion of the court. The plaintiff and appellee brought this suit in the court below, to recover the sum of $458 on account of money expended in law charges for the benefit of the estate of John Philips, an insolvent debtor, and also for professional services rendered to the same, which he claims as being due and owing to him by the creditors of said Philips, and prays judgment against the defendants and appellants, personally and in solidum, because they, as syndics of the creditors *31 aforesaid, failed to comply with certain rules and orders made on them by the parish court.
East’n. District.
Dec. 1815.
These rules, the appellants, who were defendants in the inferior court, state in their answer, were obtained ex parte, and this appears to be true from the manner in which they are worded; being absolute in the first instance and obtained on motion of the appellee.
When a debtor surrenders his estate for the benefit of his creditors, they may cause to be appointed by the judge a curator, whose duty it is to take care of the estate; or they may appoint some one or more among themselves, under the name of syndics or assignees, to have the management of the said estate. Code Civil 84, art. 34.
After the cession of goods and appointment of a curator or syndics, as in the present case, it becomes their duty to collect the debts due to the insolvent, to administer his estate most advantageously for the mass of his creditors, and to pay them their credits according to their privilege, in pursuance of orders from a competent tribunal.
Like other curators, ad bona, they may on account of maladministration and waste, become personally liable to persons interested in having the estate legally and honestly managed. But in an action against them, like the present, which is instituted to recover the amount owing by *32 the estate of the insolvent debtor or by the creditors of such estate for services rendered for its benefit, and make them responsible in their individual capacity, it is necessary that the plaintiff in his petition should clearly set forth the waste committed, and that it should be fully proven at the trial.
The only ground stated in the petition of the appellee (who was plaintiff in the parish court,) by which he attempts to charge the defendants personally, is a disobedience or a non-compliance with certain rules obtained against them, by him ex parte. By these rules they were required to file a tableau of distribution of the insolvent’s estate, and to pay to the appellant the sum claimed by him, as a sum privileged above all others. The foundation of all errors and mistakes in the suit are to be discovered in this ex parte order of the judge, commanding the payment of Segher’s claim, as a privileged credit, without giving the syndics, who represent the mass of the creditors, an opportunity of contesting this privilege in the regular manner of proceeding in such cases.—A tableau of distribution has been since filed by them, in which are exhibited credits to an exorbitant amount, of the same nature as the appellee's, besides taxed costs, which shew clearly the impropriety of allowing the payment of any *33 particular claim, before a distinct view can be had of all the claims, against the estate of an insolvent.
The plaintiff in propriû personâ, Porter and Depeyster for the defendants.
The appellee has not in his petition set forth any waste committed by the appellants, other than what is to be implied from their disobedience to the judge’s order of payment; that being founded in error cannot support the present action.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that judgment be entered here for the appellants with costs to be taxed.